■ SIDNEY POITIER v AMERICAN BROADCASTING COMPANIES, INC., et al. —Motion for leave to appeal to the Court of Appeals denied, with $20 costs. Concur—Birns, Lane, Sandler and Sullivan, JJ.; Lupiano, J. P., concurs in the following memorandum: I concur in result only, that is, in the denial of plaintiff-respondent's motion for leave to appeal to the Court of Appeals. Even assuming we granted leave and the Court of Appeals entertained the appeal, the discretion of this court in reversing the order appealed from would not be an abuse as a matter of law because, assuming the correctness of my dissent (61 AD2d 905, 906-909), our reversal could well be predicated on the reason that there was no need to amend as recovery on *quantum meruit* was permissible under the original complaint. The real problem for the litigants is not that this court by order entered March 9, 1978 reversed the order of the Supreme Court, New York County, entered June 21, 1977, which granted plaintiff's motion for leave to amend his complaint by asserting new causes of action for *quantum meruit* and promissory estoppel, but that the rationale of the majority in the memorandum decision purports to, or may be construed as declaring, that *quantum meruit* may not be raised at trial under the original pleadings. Although an argument may be made that the analysis of the majority by which *quantum meruit* is "read out" of the case is contained in *obiter dicta,* the result remains that the litigants are faced with a difficult problem in that a strong possibility exists of a second and needless trial. To elaborate—if plaintiff at trial on his breach of contract action is unable to present for consideration and resolution a claim to recover under the evidence presented on the basis of *quantum meruit,* and if the Court of Appeals subsequently determined upon review after the final judgment on the contract claims, that plaintiff was

entitled to go before the finders of fact and law on the issue of *quantum meruit,* then a new and second trial on that issue would be necessitated. The waste of judicial time, both for the court and the jury and the expense involved which devolves upon the litigants—those who pay the attorneys, and upon the taxpayers—those who pay the judicial branch of government —all of which are implicit in the necessity of holding a second trial should the scenario outlined above be realized, are consequences to be avoided. As a practical matter, in light of the failure of plaintiff to obtain immediate review by the Court of Appeals of this court's reversal and that court's elucidation because our order does not finally determine the action, the *pragmatic and legal* ramifications elucidated herein are for the trial court.